JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CSBN 226995)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, CA 94102
    Telephone: 415.436.7303
    Facsimile:  415.436.6748
    Email: david.countryman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08- |
| Plaintiff, | |
| v. | COMPLAINT FOR FORFEITURE |
| APPROXIMATELY $112,365 IN UNITED STATES CURRENCY; | |
| Defendant. | |

In this *in rem* forfeiture action, the United States alleges:

**JURISDICTION AND VENUE**

    1.    This Court has jurisdiction under Title 28, United States Code, Sections 1345 and 1355(a); and Title 21, United States Code, Section § 881(a)(6).

    2.    This action is timely filed in accordance with Title 18, United States Code, Section 983(a)(3)(A).

    3.    Venue in this Court is proper because defendant property was seized in the Northern District of California. 28 U.S.C. §§ 1355(b) and 1395.

//

## PARTIES

4. Plaintiff is the United States of America.

5. Defendant is approximately $112,365 in United States Currency ("defendant $112,365").

## FACTS

6. Plaintiff incorporates by reference the allegations of paragraphs one through five as though fully set forth herein.

7. On or about June 25, 2007, Demitri Taylor was convicted of felony possession of marijuana for sale. Taylor was sentenced to five years probation. A term of Taylor's probation authorized the warrantless search of Taylor's person, his residence, any vehicle under his control, and any other property under his control, with or without cause.

8. Taylor was also ordered to turn in his registered .40 caliber pistol. Taylor did not turn in the pistol.

9. On December 13, 2007, officers with the Oakland Police Department and Alameda County Probation Department executed a probation search at Taylor's listed probation address, 156 Louvaine Avenue, Oakland. The officers were met at the door by Taylor's mother, Patricia Taylor, who stated that she lived at the house with Taylor and her father, James Blanchard. Mr. Blanchard arrived shortly thereafter.

10. Ms. Taylor led the officers to Taylor's bedroom and unlocked the door.

11. On the top of Taylor's dresser, the officers found a box of live .40 caliber ammunition and a small zip lock bag with eight live rounds of .40 caliber ammunition. Ms. Taylor stated that Taylor possessed a firearm for his own protection.

12. Inside of the top drawer of Taylor's dresser, officers found defendant $112,365.

13. Defendant $112,365 consisted of: 1,086 x $100 dollar bills; 1 x $50 dollar bill; 160 x $20 dollar bills; 30 x $10 dollar bills; 25 x $5 dollar bills; 90 x $1 dollar bills.

14. Inside of Taylor's night stand, officers found a traffic court docket and minutes, four bank statements with a total balance of $4,741.21, a credit card pre-approval, and a credit card bill for $46.02. Each document was addressed to Demitri Taylor.

15. While searching the common areas of the residence, Officer Bergeron smelled the strong odor of fresh marijuana emanating from a shed located approximately eight feet from the back door of the house. The shed had a solid door behind a security screen door. The solid door was open, but the security door was closed and locked.

16. Officer Bergeron asked Ms. Taylor if she could smell marijuana. Ms. Taylor stated that she had not been in the shed for several weeks, but that she had seen Taylor go in and out of the shed all the time. Ms. Taylor stated that she had a key, and left to retrieve it.

17. While waiting for Ms. Taylor to return, Mr. Blanchard stated that Taylor was the last person he had seen in the shed.

18. Ms. Taylor returned with the key and opened the security door. Inside the shed, Officer Bergeron found five plastic bags containing a total of approximately two pounds of processed marijuana.

19. Ms. Taylor and Mr. Blanchard stated that they were not aware that either the marijuana or the defendant $112,365 were stored at their residence.

20. Ms. Taylor and Mr. Blanchard denied ownership of defendant $112,365.

21. Officers removed defendant $112,365 to an area free from the odor of narcotics and conducted a dog sniff with a narcotics detection canine certified to detect marijuana, cocaine, heroin, and methamphetamine. The canine made a positive alert on defendant $112,365.

22. Due to the totality of the circumstances, officers seized defendant $112,365 as money furnished or intended to be furnished by a person in exchange for a controlled substance, or traceable to such an exchange, or money used or intended to be used to facilitate a violation of Subchapter I, Chapter 13 of Title 21 United States Code.

23. On March 17, 2008, the California Superior Court revoked Taylor's probation and issued a warrant for Taylor's arrest for possession of marijuana for sale and possession of ammunition by a person prohibited from having a firearm.

//
//
//

## CLAIM FOR RELIEF

## 21 U.S.C. § 881(a)(6)

### (forfeiture of drug proceeds and money intended to be furnished for drugs)

24. The United States incorporates by reference the allegations in paragraphs one through 23 as though fully set forth herein.

25. Section 881(a)(6) of Title 21 of the United States Code, provides for the forfeiture of all money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Subchapter I, Chapter 13 of Title 21 United States Code, all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate any violation of Subchapter I, Chapter 13 of Title 21 United States Code.

26. In light of the foregoing, defendant $112,365 is subject to judicial forfeiture.

\* \* \* \* \*

WHEREFORE, plaintiff United States of America requests that due process issue to enforce the forfeiture of defendant $112,365; that notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment of forfeiture be entered; that the Court enter judgment forfeiting defendant $112,365; and that the United States be awarded such other relief as may be proper and just.

Respectfully submitted,
JOSEPH P. RUSSONIELLO
United States Attorney

Dated: June 3, 2008

STEPHANIE M. HINDS
Assistant United States Attorney

Assigned to: _____
AUSA D. Countryman

Complaint for Forfeiture
No. 08-                                      4

VERIFICATION

I, Eric Karsseboom, state as follows:

1. I am a Task Force Agent with the Drug Enforcement Administration, Oakland Regional Office Task Force. As such, I am familiar with the facts, and the investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint for Forfeiture, and based upon review of relevant investigative reports, review of documentary evidence, discussions with other persons involved in the investigation, and participation in the investigation, I believe the allegations contained in it to be true.

\*   \*   \*   \*   \*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3 day of JUNE, 2008, in OAKLAND, California.

ERIC KARSSEBOOM
Task Force Agent
DEA Oakland Regional Office Task Force

Complaint for Forfeiture
No. 08-                                    5

VERIFICATION

I, Bruce Vallimont, state as follows:

1. I am a Officer with the Oakland Police Department. As such, I am familiar with the facts, and the investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint for Forfeiture, and based upon review of relevant investigative reports, review of documentary evidence, discussions with other persons involved in the investigation, and participation in the investigation, I believe the allegations contained in it to be true.

\* \* \* \* \*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3 day of June, 2008, in Oakland, California.

*[signature]*

BRUCE VALLIMONT
Oakland Police Department