**DAVID M. MICHAEL, SBN 74031**
**LAW OFFICES OF DAVID M. MICHAEL**
**101 California Street, Suite 2450**
**San Francisco, CA 94111**
**Telephone:   (415) 946-8996**
**Facsimile:   (877) 538-6220**
**E-mail:      dmmp5@aol.com**

**Attorney for Claimant**
**DIMITRI TAYLOR**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>        v.<br><br>APPROXIMATELY $112,365.00 IN UNITED STATES CURRENCY,<br><br>               Defendant.<br>_____/<br>DIMITRI TAYLOR,<br><br>               Claimant.<br>_____/. | No. CV 08 2777 SI<br><br>**ANSWER OF CLAIMANT TO COMPLAINT FOR FORFEITURE; DEMAND FOR TRIAL BY JURY** |

Claimant, DIMITRI TAYLOR, hereby answers the allegations in the Government's Complaint for Forfeiture as follows:

1. In response to the allegations contained in paragraph 1 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

2. In response to the allegations contained in paragraph 2 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein,

and, on those grounds, denies each and every allegation contained therein.

3. In response to the allegations contained in paragraph 3 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

4. In response to the allegations contained in paragraph 4 of the Complaint, claimant admits the allegations contained therein

5. In response to the allegations contained in paragraph 5 of the Complaint, claimant admits the allegations contained therein.

6. In response to the allegations contained in paragraph 6 of the Complaint, claimant incorporates by reference his responses to the allegations contained in paragraphs 1 through 5, as though fully set forth herein.

7. In response to the allegations contained in paragraph 7 of the Complaint, claimant admits that he was previously convicted of a marijuana related offense.  In response to the remaining allegations contained in paragraph 7 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

8. In response to the allegations contained in paragraph 8 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

9. In response to the allegations contained in paragraph 9 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

10. In response to the allegations contained in paragraph 10 of the Complaint,

claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

11. In response to the allegations contained in paragraph 11 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

12. In response to the allegations contained in paragraph 12 of the Complaint, claimant admits that the defendant currency was found at 156 Louvaine Avenue, Oakland on 13 December 2007. In response to the remaining allegations contained in paragraph 12 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

13. In response to the allegations contained in paragraph 13 of the complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

14. In response to the allegations contained in paragraph 14 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

15. In response to the allegations contained in paragraph 15 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

16. In response to the allegations contained in paragraph 16 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

17. In response to the allegations contained in paragraph 17 of the Complaint, claimant

lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

18.  In response to the allegations contained in paragraph 18 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

19.  In response to the allegations contained in paragraph 19 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

20.  In response to the allegations contained in paragraph 20 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

21.  In response to the allegations contained in paragraph 21 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

22.  In response to the allegations contained in paragraph 22 of the Complaint, claimant admits that the defendant currency was seized by law enforcement officers.  In response to the remaining allegations contained in paragraph 22 of the Complaint, claimant denies each and every allegation contained therein

23.  In response to the allegations contained in paragraph 23 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

24.  In response to the allegations contained in paragraph 24 of the Complaint, claimant incorporates by reference his responses to the allegations contained in paragraphs 1 through 23,

as though fully set forth herein.

25. In response to the allegations contained in paragraph 25 of the Complaint, claimant admits the allegation contained therein.

26. In response to the allegations contained in paragraph 26 of the Complaint, claimant denies each and every allegation contained therein.

In addition, claimant raises the following numbered defenses to the government's forfeiture complaint:

### FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint on file herein, claimant alleges that said Complaint does not state facts sufficient to state a claim for forfeiture of defendant property against claimant.

### SECOND AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that plaintiff lacked any probable cause for either the institution of this forfeiture suit, the seizure of claimant's property, or the forfeiture of defendant property.

### THIRD AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the seizure of the property claimed to be subject to forfeiture by plaintiff was made in violation of claimant's Fourth Amendment rights and/or the Due Process Clause of the Fifth Amendment of the United States Constitution. Consequently, all of the evidence seized and the fruits thereof must be suppressed.

### FOURTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant

alleges that the search of the residence at 156 Louivaine Avenue, Oakland, CA, was made in violation of claimant's Fourth Amendment rights and/or the Due Process Clause of the Fifth Amendment of the United States Constitution. Consequently, all the evidence seized, and the fruits thereof, must be suppressed.

FIFTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the seizure of the funds here, was made in violation of claimant's Fourth Amendment rights and/or the Due Process Clause of the Fifth Amendment of the United States Constitution. Consequently, all the evidence seized, and the fruits thereof, must be suppressed.

SIXTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that, pursuant to 21 USC § 881(a)(6), he has an innocent ownership interest in the defendant property such that any act or omission which would have subjected said property to forfeiture, was committed or omitted without claimant's knowledge or consent.

SEVENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that 21 U.S.C. § 881 and 18 U.S.C. § 981, and/or their various subsection, are unconstitutional and unenforceable, in that they constitutes a denial of claimant's due process and equal protection rights under the United States Constitution.

EIGHTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that this court lacks jurisdiction over the subject matter of plaintiff's complaint.

//

### NINTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that this court lack jurisdiction over the defendant property.

### TENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that it would result in the taking of property without due process of law, and without just compensation, in violation of the Fifth Amendment to the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that the forfeiture of claimant's interest in the subject property would amount to a cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that the forfeiture of claimant's interest in the subject property would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant

alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that the forfeiture of claimant's interest in the subject property is in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that claimants were denied notice and opportunity to be heard prior to the seizure of defendant property or the initiation of this forfeiture action, in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the arrest, or other restraint, of the property claimed to be subject to forfeiture was made in violation of the Fourth Amendment to the Constitution and the Right to Financial Privacy Act.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the arrest, other restraint, of the property claimed to be subject to forfeiture was made in violation of Article I, Section 1 and Section 8, Clause 18, of the United States Constitution, being founded upon an unlawful delegation of legislative power.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that said Complaint is barred by the applicable statute of limitations.

PLEASE TAKE NOTICE THAT CLAIMANT DEMANDS TRIAL BY JURY OF THE ISSUES AND DEFENSES RAISED BY HIS CLAIM AND ANSWER.

WHEREFORE, claimant DIMITRI TAYLOR, prays that this Court will:

1. Dismiss plaintiff's Complaint and enter a judgment on behalf of claimant.

2. Order that all property seized, and the fruits thereof, be suppressed as evidence in this case, and order that all items seized from claimant's possession, actual or constructive, be suppressed as evidence in this and any other proceeding.

3. Order that claimant has an innocent ownership interest in the defendant property

4. Order that all statements made by claimant be suppressed as evidence in this case.

5. Order that all of defendant property be released and surrendered to claimant forthwith.

6. Deny issuance of a certificate of probable cause pursuant to 28 U.S.C. § 2465 and award costs and attorney fees to claimant.

7. Provide such other and further relief as this court deems proper and just.

DATED: 6 August  2008

                                          Respectfully submitted,

                                          S/DAVID M. MICHAEL
                                          DAVID M. MICHAEL
                                          Attorney for Claimant
                                          DIMITRI TAYLOR

**CERTIFICATE OF ELECTRONIC FILING**

The undersigned hereby certifies that, on 6 August 2008, he caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

AUSA David Countryman, CSBN 226995
Office of the U.S. Attorney
450 Golden Gate Avenue
San Francisco CA 94102
david.countryman@usdoj.gov

DAVID M. MICHAEL
DAVID M. MICHAEL
Attorney for Claimant
DIMITRI TAYLOR
