JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CSBN 226995)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, CA 94102
    Telephone: 415.436.7303
    Facsimile:  415.436.6748
    Email: david.countryman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        Plaintiff, )<br>    v. )<br>APPROXIMATELY $112,365 IN UNITED )<br>STATES CURRENCY; )<br>        Defendant. ) | No. 08- 2777 SI<br><br>NOTICE OF MOTION AND MOTION TO<br>STRIKE CLAIM AND ANSWER OF DEMITRI<br>TAYLOR |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT ON** October 31, 2008 at 9:00 a.m., or as soon

thereafter as the matter may be heard in the courtroom of the Honorable Susan Illiston,

Courtroom 10, 19th Floor of the U.S. Courthouse located at 450 Golden Gate Ave., San

Francisco, CA, Plaintiff United States of America will and hereby does move the Court, pursuant

to 28 U.S.C. § 2466, for an order striking the claim and answer of Demitri Taylor.

    This Motion is based on this Notice of Motion, the following Memorandum of Points and

Authorities, the Complaint for Forfeiture filed in this Action, Plaintiff's Special Interrogatories,

and the Response of Claimant to Plaintiff's Special Interrogatories.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2   This is a civil in rem forfeiture action in which the United States seeks to forfeit

3   defendant $112,365 in United States Currency. The Complaint was filed on June 4, 2008; a

4   Warrant for Arrest of Property on June 18, 2008. Demitri Taylor filed a claim on July 18, 2008,

5   and an answer on August 6, 2008.

6   The United States now moves to strike the claim of Demitri Taylor ("Taylor" or

7   "claimant") on the grounds that, as a fugitive, claimant is not entitled to contest the forfeiture of

8   defendant currency in this proceeding. Claimant is unwilling to submit to the jurisdiction of the

9   United States to answer for the criminal charges pending against him in the related criminal

10  proceeding People v. Demitri Taylor, No. 538671 (Sup. Ct. Alameda County 2008). Because of

11  his fugitive status, claimant is precluded from challenging the forfeiture in question by the

12  fugitive disentitlement statute, 28 U.S.C. § 2466.

13

## STATEMENT OF FACTS

14

15  On or about June 25, 2007, Taylor was convicted of felony possession of marijuana for

16  sale. Taylor was sentenced to five years probation. A term of Taylor's probation authorized the

17  warrantless search of Taylor's person, his residence, any vehicle under his control, and any other

18  property under his control, with or without cause. Although Taylor was ordered to turn in his

19  registered .40 caliber pistol. Taylor did not turn in the pistol.

20  On December 13, 2007, officers with the Oakland Police Department and Alameda

21  County Probation Department executed a probation search at Taylor's listed probation address,

22  156 Louvaine Avenue, Oakland. During the search, officers found a box of live .40 caliber

23  ammunition, a small zip lock bag with eight live rounds of .40 caliber ammunition, $112,365 in

24  U.S. Currency, and five plastic bags containing a total of approximately two pounds of processed

25  marijuana.

26  On March 17, 2008, the California Superior Court revoked Taylor's probation and issued

27  a warrant for Taylor's arrest for possession of marijuana for sale and possession of ammunition

28  by a person prohibited from having a firearm.

1    On July 28, 2008, the United States served Taylor's attorney of record with copies of

2    Taylor's arrest warrant and the State of California's petition to revoke his probation, which were

3    attached to the government's Special Interrogatories.

4    ## ARGUMENT

5    **A.    The Fugitive Disentitlement Doctrine**

6    The fugitive disentitlement doctrine prohibits a fugitive from availing himself of the

7    resources of the court. The Supreme Court first fashioned and applied the doctrine in *Molinaro v.*

8    *New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970).  In *Molinaro*, the Supreme

9    Court refused to entertain an appeal on behalf of a convicted felon who had become a fugitive

10    during the pendency of his criminal appeal.  After *Molinaro*, courts gradually extended the

11    doctrine to disentitle fugitives from participating in civil proceedings related to their criminal

12    cases. *See, e.g., Conforte v. Commissioner of Internal Revenue*, 692 F.2d 587 (9th Cir. 1982)

13    (taxpayer who fled after conviction on criminal tax evasion charges not entitled to prosecute

14    appeal of tax court determination of tax deficiencies and penalties), *stay denied*, 459 U.S. 1309

15    (1983) (Rehnquist, J., in chambers); *Doyle v. United States Dep't of Justice*, 668 F.2d 1365 (D.C.

16    Cir. 1981) (fugitive not entitled to seek judicial relief under Freedom of Information Act), *cert.*

17    *denied*, 455 U.S. 1002, 71 L. Ed. 2d 870, 102 S. Ct.1636 (1982); *Broadway v. City of*

18    *Montgomery*, 530 F.2d 657 (5th Cir. 1976) (court of appeals refused to decide appeal of fugitive

19    seeking damages and injunctive relief for illegal wiretap).  More recently, numerous courts,

20    including the Ninth Circuit, extended the application of the doctrine to preclude fugitives from

21    litigating civil forfeiture claims. *E.g., United States v. Real Property Located at Incline Village*,

22    47 F.3d 151 1 (9th Cir. 1995); *United States v. $129,374*, 769 F.2d at 587(9th Cir. 1985); *United*

23    *States v. Timbers Preserve, Routt County, Colorado*, 999 F.2d 452 (10th Cir. 1993); *United*

24    *States v. Eng, 951 F.2d 461* (2nd Cir. 1991); *United States v. One Parcel of Real Estate at 7707*

25    *S. W. 74th Lane, Miami, Dade County, Florida*, 868 F.2d 1214 (11th Cir. 1989); *United States v.*

26    *Pole No. 3172, Hopkinton*, 852 F.2d 636 (1st Cir. 1988).

27    In this circuit, *Real Property Located at Incline Village* represents the most complete

28    articulation of the circuit's views concerning the fugitive disentitlement doctrine.  The fugitive in

NOTICE OF MOTION AND MOTION TO STRIKE CLAIM AND ANSWER OF DEMITRI TAYLOR
No. 08-2777 SI                                3

1   that case, Brian Degen, was a foreign national. Shortly before being indicted by a federal grand

2   jury, Degen left the United States. *Real Property Located at Incline Village*, 47 F.3d at 1514.

3   Degen refused to return voluntarily when he learned of the pending criminal charges, and at no

4   time made any effort to submit to the criminal jurisdiction of the district court. *Id.* at 1514-15.

5   Also pending during this period were civil forfeiture proceedings against a wide array of

6   property. *Id.* at 1514. The district court hearing the forfeiture case granted the United States'

7   motion for summary judgment as to a fugitive claimant, Brian Degen, holding that his fugitive

8   status deprived him of the right to contest the civil forfeitures. *Id.* at 151

9           After recounting these facts, the Ninth Circuit held that the disentitlement doctrine

10  "provides that a fugitive from justice, under certain circumstances, loses the right to call upon the

11  resources of the courts." *Id.* at 151 5.  Noting that the doctrine applied in more contexts than

12  direct criminal appeals, the Ninth Circuit observed that the disentitlement doctrine has been

13  applied on a regular basis in civil forfeiture cases in the Ninth Circuit and elsewhere. In *Real*

14  *Property Located at Incline Village*, the Ninth Circuit held for the first time in this circuit that the

15  doctrine applied to a claimant who had not yet been convicted. *Id.* at 151 6.  As the court held,

16  the fugitive disentitlement doctrine "rests on the premise that 'the fugitive from justice has

17  demonstrated such disrespect for the legal processes that he has no right to call upon the court to

18  adjudicate his claim.' . . . Although [Degen] has not been arrested or tried, he has certainly

19  'demonstrated disrespect' by refusing to submit to its jurisdiction in the criminal action." *Id.*

20  (internal citations omitted). In concluding that the doctrine applied to Degen, the Ninth Circuit

21  held that a claimant who had not yet convicted could terminate his fugitive status and present his

22  own defense if he found his interests sufficiently worth defending. *Id.*

23          Appellant Degen successfully challenged the Ninth Circuit decision in *Real Property*

24  *Located at Incline Village*. In *Degen v. United States*, 51 7 U.S. 820 (1996), the Supreme Court

25  reversed and remanded *Real Property Located at Incline Village* case on the grounds that, in

26  fashioning and applying the fugitive disentitlement doctrine to civil forfeiture cases without

27  statutory guidance, the courts had overreached.  In response, Congress enacted and the President

28

NOTICE OF MOTION AND MOTION TO STRIKE CLAIM AND ANSWER OF DEMITRI TAYLOR
No. 08-2777 SI                                      4

signed legislation that provided the requested statutory guidance, by codifying the fugitive

disentitlement doctrine in 28 U.S.C. § 2466. Section 2466 provides:

> (a) A judicial officer may disallow a person from using the resources of the courts of the
> United States in furtherance of a claim in any related civil forfeiture action or a claim in
> third party proceedings in any related criminal forfeiture action upon a finding that such
> person –
>> (1) after notice or knowledge of the fact that a warrant or process has been issued
>> for his apprehension, in order to avoid criminal prosecution–
>>> (A) purposefully leaves the jurisdiction of the United States;
>>> (B) declines to enter or reenter the United States to submit to its
>>> jurisdiction; or
>>> (C) otherwise evades the jurisdiction of the court in which a criminal
>>> case is pending against the person; and
>> (2) is not confined or held in custody in any other jurisdiction for commission of
>> criminal conduct in that jurisdiction.

28 U.S.C. § 2466 (West Supp. 2005).

**B.    This Court Should Strike Demitri Taylor's Claim**

The statutory fugitive disentitlement doctrine applies to this case. First, this forfeiture

complaint is related to the state criminal charges. The state warrant charges Taylor with violation

of Cal. Health and Safety Code § 11359, possession of marijuana for sale, his probation was

revoked for the same reason, and the forfeiture complaint seeks to forfeit currency as drug

proceeds found during the same search that found the marijuana. Second, Taylor was on notice

that a warrant had been issued for his arrest and his probation had been revoked, as the warrant

and probation revocation were referenced in the Complaint for Forfeiture, and a copy of the

warrant and the petition to revoke his probation were served on his attorney as an attachment to

the United States's Special Interrogatories. Third, Taylor has failed to appear to face the pending

criminal charges in state court for which a warrant was issued or return to custody after his

probation was revoked. *See United States v. One Hundred Thirty Eight Thousand Three*

*Hundred Eighty One Dollars in U.S. Currency*, 240 F.Supp.2d 220, 226 (E.D.N.Y. 2003)

(holding that when probation has been revoked and a warrant is issued, the failure of a claimant

to surrender himself to begin his term of custody establishes that he has either left the United

States, refused to reenter the United States, or otherwise evaded the jurisdiction of the court); *United States v. $6190.00 in United States Currency*, Slip Copy, 2008 WL 474379, 2008 U.S. Dist. LEXIS 12937 (D. Or. Feb. 14, 2008) (finding claimant deliberately avoided prosecution where a bench warrant was issued and claimant, whose whereabouts were unknown, failed to appear). Finally, there is no evidence that Taylor is being held in another jurisdiction or country on charges arising from criminal conduct committed in that jurisdiction. In fact, when asked in the United States' Special Interrogatories as to his present residence and any current incarceration, Taylor refused to answer. Therefore, all of the requirements of Section 2466 are satisfied.

This is precisely the sort of case the fugitive disentitlement doctrine was intended to cover. The doctrine rests on the premise that "the fugitive from justice has demonstrated such disrespect for the legal processes that he has no right to call upon the court to adjudicate his claim." *Oretega-Rodriguez*, 507 U.S. at 234 (quoting *Ali v. Sims*, 788 F.2d 954, 959 (31d Cir.1986). Taylor is a fugitive from justice. His refusal to submit to the jurisdiction of the state court in the United States, knowing that his probation was revoked and there is a warrant for his arrest, clearly demonstrates fundamental disrespect for the authority of our state and federal courts. *See Real Property Located at Incline Village*, 47 F.3d at 151 6. As in *Real Property Located at Incline Village*, Taylor has complete control over the protection of his property interests in this forfeiture proceeding. If he finds his interests are sufficiently worth defending, he can terminate his fugitive status and submit to the jurisdiction of California and the United State courts to answer to his criminal charges and defend his civil claim. *Id.* at 1516.

Cases decided since the enactment of Section 2466 support the conclusion that the fugitive disentitlement doctrine applies here. In the sole appellate decision since enactment of CAFRA addressing the application of the fugitive disentitlement doctrine in an asset forfeiture case, the Second Circuit, in *Collazos v. United States*, 368 F.3d 190 (2nd Cir. 2004), after analyzing the judicially created fugitive disentitlement doctrine and Section 2466, concluded that Section 2466 applied to an individual who refused to enter the United States after becoming aware that she was under indictment and affirmed the lower court order striking her claim.

Collazos, 368 F.3d at 201. (Claimant waived right to be heard in forfeiture case by refusing to appear in related criminal case.) As the Collazos court aptly noted, "[claimant] was denied a hearing on her terms, but a hearing was certainly available to her on the terms established by Congress." Id. at 203. Numerous district courts have reached similar results. *See United States v. $6190.00 in United States Currency*, Slip Copy, 2008 WL 474379, 2008 U.S. Dist. LEXIS 12937 (D. Or. Feb. 14, 2008); *United States v. 1,474,770.00 in United States Currency*, 538 F. Supp. 2d 1298 (S.D. Cal. 2008); *United States v. $6,976,934.65, Plus Interest*, 486 F.Supp.2d 37 (D.D.C. 2007); *United States v. $6,976,934.65, Plus Interest*, 478 F.Supp.2d 30 (D.D.C. 2007); *United States v. All Funds ... Held in the Name of Kobi Alexander, Slip Copy*, 2007 WL 2687660 (E.D. N.Y. Sept. 10,2007); *United States v. One 1988 Chevrolet Cheyenne Half-Ton Pickup Truck*, 357 F.Supp.2d 1321 (S.D.Ala. 2005); *United States v. One Hundred Thirty Eight Thousand Three Hundred Eighty One Dollars in U.S. Currency*, 240 F.Supp.2d 220 (E.D.N.Y. 2003); *United States v. $1,231,349.68 In Funds*, 227 F.Supp.2d 130 (D.D.C. 2002).

Under the above precedent, this court should apply the fugitive disentitlement doctrine and strike Taylor's claim and answer under Section 2466(a). All requirements of the statute are met here. Taylor has an outstanding warrant for his arrest, his probation has been revoked, and he was aware of these facts. Despite this, he has failed to return to face these charges. Indisputably, the state criminal case is directly related to the federal forfeiture. There is no evidence that Taylor is being held by another jurisdiction on account of criminal conduct occurring in that jurisdiction. Moreover, there are no reasons for declining to exercise the court's discretion in applying Section 2466 to this case.

//
//
//
//
//
//
//

## CONCLUSION

For the above reasons, this court should strike Taylor's claim and answer and enter judgment as to defendant $112,365, in favor of the United States, on the grounds that Taylor is barred by the fugitive disentitlement doctrine from litigating his claims at a time when he is a fugitive from justice in a related criminal proceeding

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: August 22,  2008

DAVID COUNTRYMAN
Assistant United States Attorney

**Exhibit A**

ORIGINAL

1  JOSEPH P. RUSSONIELLO (CSBN 44332)
2  United States Attorney

3  BRIAN J. STRETCH (CSBN 163973)
   Chief, Criminal Division

4  DAVID B. COUNTRYMAN (CSBN 226995)
5  Assistant United States Attorney

6     450 Golden Gate Avenue, 9th Floor
      San Francisco, CA 94102
7     Telephone: 415.436.7303
      Facsimile:  415.436.6748
8     Email: david.countryman@usdoj.gov

9  Attorneys for United States of America

10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,          )
14                                     )     No. 08-02777 SI
                      Plaintiff,       )
15                                     )
                  v.                   )     PLAINTIFF'S SPECIAL INTERROGATORIES
16                                     )     TO CLAIMANT DEMITRI TAYLOR
    APPROXIMATELY $112,365 IN UNITED   )
17  STATES CURRENCY;                   )
                                       )
18                    Defendant.       )
                                       )

19

20  PROPOUNDING PARTY:   Plaintiff United States of America

21  RESPONDING PARTY:    Claimant Demitri Taylor

22  SET NUMBER:          One

23

24          PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure, Supplemental

25  Rule G(6), plaintiff United States of America requests claimant, Demitri Taylor, to answer each

26  of the following interrogatories separately, in writing and under oath, as prescribed by Rule 33 of

27  the Federal Rules of Civil Procedure, and to produce the requested documents, all within 20

28  days, at the Office of the United States Attorney, 9th Floor, 450 Golden Gate Avenue, San

Francisco, California.[1]

# I. **INSTRUCTIONS AND DEFINITIONS**

## A. **Instructions for Answering Interrogatories**

1.     In answering these interrogatories, please furnish all information available to you, including information in the possession of your attorney(s) or their investigators, and all persons acting on your behalf and not merely such information known of your own personal knowledge. If you cannot answer the interrogatories in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying why you are unable to answer the remainder, describing the efforts you have made to answer, and stating whatever information or knowledge you have concerning the unanswered portions.

2.     When your answer to any interrogatory is based in whole or in part upon information supplied by a person other than yourself, please specifically so state as part of your answer to that interrogatory and identify that person's name, address, and employment or other relationship to you.

3.     When your answer to any interrogatory is based in whole or in part upon any document, as defined above, or other tangible thing, please specifically so state as part of your answer to that interrogatory and identify the document or tangible thing.

4.     When any interrogatory contains a term included in the words defined below in the subpart B, "Definitions," give to that term the meaning set forth for that term.

5.     These interrogatories shall be deemed to be continuing to the extent set forth in Rule 26(e), Federal Rules of Civil Procedure.  In the event information not provided in the original answers to these interrogatories, which information is of a type referred to in Rule 26(e)(1) or (2), Federal Rules of Civil Procedure, becomes personally known to claimant Demitri Taylor, or available to them through their attorney or other agent(s), a supplemental answer in

---

[1] The format for claimants' response is dictated by Civil L.R. 33-1 and 34-1 which require that the responding party set forth the complete text of the interrogatory or request for documents prior to stating that party's response.

Complaint for Forfeiture
No. 08-08-02777 SI                          2

writing and under oath setting forth that additional information is to be served upon plaintiff's undersigned attorneys within ten (10) days from the time such information becomes known.

6.     If you object to any interrogatory or request for production on the ground that it is oppressive or burdensome, please state:

a.     How many hours it would take to compile the information necessary to answer it;

b.     How many documents or files would have to be searched;

c.     Where those documents or files are located;

d.     How much it would cost to answer the interrogatory or produce the documents.

7.     If you object to any interrogatory or request for production on the basis of privilege, please comply with the requirements in Rule 26(b)(5). State separately state for each such objection the statutory or other basis of the claim of privilege as well as your reasons for believing that the alleged justification is applicable. In addition, describe generally the subject matter of the document and identify each person who has ever had possession, custody, or control of the document or any copy thereof. If the basis the claim is that the document is protected by the work product doctrine, identify the proceeding for which the document was prepared.

8.     If you lack the information necessary to answer any of the interrogatories or provide documents, please describe the specific efforts made by you or anyone on your behalf to ascertain the information and state as definitively as possible when you anticipate obtaining the information and supplementing your response.

## B. Definitions

9.     The term "document" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but not limited to, medical records, printouts, computerized data, email, letters, purchase orders, invoices, memoranda, telegrams, notes, catalogs, brochures, diaries, reports, calendars, interoffice communications, statements, announcements, photographs, tape recordings, motion pictures and any electronic, carbon or photographic copies of any such material if you do not have custody or control of the original.

5. Where an interrogatory requests you to "identify" a document, the term "identify"

shall be construed as a Rule 34 request for production and the document so requested should be attached to your answers to these interrogatories. Documents which are produced need not be otherwise identified. If you do not produce the requested documents, however, then the term "identify" means that you are to state the following information about each and every responsive document:

      a.    The date of the document and the type of document, *e.g.*, letter, memorandum, note;

      b.    The name, present business address and position of its author or authors or, if the present business address or position is unknown, state the person's last known business, address     and position;

      c.    The name, present or last known business address and position of its addressee and all other recipients of the document;

      d.    A general description of the subject of the document.

    10.    If any document requested to be "identified" or produced was, but is no longer in your possession or control or is no longer in existence, state whether it is:

      a.    Missing or lost;

      b.    Destroyed;

      c.    Transferred voluntarily or involuntarily to others and, is so, to whom, and at what address; or

      d.    Otherwise disposed of and, if so, how it was disposed of.

In each such instance explain the circumstances surrounding an authorization for such disposition of the document and state the proximate date of such disposition.

    11.    A document or oral communication "refers" or "relates" to a certain subject or thing if it discusses, mentions, describes, refers to, relates to, explains, embodies or pertains to that subject or thing.

    12.    The term "person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

    13.    The term "identify" or "identity" when used in connection with a person means that you should state the following information about the "person":

      a.    name;

b.      present or last known address;

c.      telephone number;

14.    The term "identify" or "identity" when used in connection with a person which is a legal entity -- such as a corporation, partnership, sole proprietorship, union, association, federation, or any other kind of entity -- means that you should state the following information about the "person":

a.      name,

b.      present or last known address;

c.      telephone number;

15.    The term "you" or "your" when used in this document refers to claimant in this action, Demitri Taylor.

16.    The term "defendant $112,365" when used in this document refers to defendant approximately $112,365 in U.S. Currency in this action.

## II. INTERROGATORIES

**Special Interrogatory No. 1:** Attached hereto as Exhibit A, are true and correct copies of a petition to revoke your probation and a warrant for your arrest. Explain why you have not turned yourself in to the police.

**Special Interrogatory No. 2:** Identify your present residence.

**Special Interrogatory No. 3:** State the last time you checked in with your probation officer.

**Special Interrogatory No. 4:** If you are currently incarcerated, identify where you are incarcerated.

**Special Interrogatory No. 5:** If you are currently incarcerated, identify the law enforcement agency that arrested you

**Special Interrogatory No. 6:** If you are currently incarcerated, state your inmate number, U.S. Marshals Service number, or other identifying number.

**Special Interrogatory No. 7:** Identify your current place of employment.

**Special Interrogatory No. 8:** Explain how you acquired you interest in defendant

1    $112,365.

2

3                        *     *     *     *     *

4

5    Dated: July 28, 2008                    JOSEPH P. RUSSONIELLO
                                             United States Attorney
6

7

8                                            DAVID B. COUNTRYMAN
                                             Assistant United States Attorney
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

WARRANT OF ARREST

WILEY W. MANUEL COURTHOUSE, OAKLAND
661 WASHINGTON ST., OAKLAND, CA 94607
THE PEOPLE OF THE STATE OF CALIFORNIA

VS.

| | |
|---|---|
| | DOCKET NUMBER: 538671 |
| | CEN: B314472 |
| | PFN: DQ0497 |

DEFENDANT:   DEMITRI TAYLOR
EVENT NAME:  DEMITRI TAYLOR
PFN NAME:
DOB: 12/19/82   RACE: B   SEX: M   HT: 511   WT: 235
HAIR: BK   EYE: BR   BALD:   GLASS:   MAR:   POB:
SALIENT CHAR:
ADDRESS: 156 LOUVAINE AV
C-S-Z:   OAKLAND, CA 94603
     TELEPHONE NO:   AREA CODE:
EMPLOYER:
DLN:   SSN:
CII:   FBI:

DEPT NO: 112
REPORT NO: 07-95819
WCD: 01/02/13

FELONY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WARRANT OF ARREST

THE PEOPLE OF THE STATE OF CALIFORNIA, TO ANY PEACE OFFICER IN THIS STATE:

A COMPLAINT UPON OATH HAVING BEEN MADE BEFORE ME THAT THE OFFENSE(S) OF
HS 11359 F, PC 12316(9)(1 F
HAVING BEEN COMMITTED, AND ACCUSING DEMITRI TAYLOR
THEREOF.

YOU ARE COMMANDED FORTHWITH TO ARREST THE ABOVE NAMED DEFENDANT, AND TO BRING
SAID DEFENDANT FORTHWITH BEFORE THE ABOVE ENTITLED SUPERIOR COURT.

DEFENDANT MAY BE ADMITTED TO BAIL IN THE AMOUNT OF:

( ) MAY BE SERVED AT NIGHT          ( ) CASH BAIL ONLY   25K
( ) DAY SERVICE ONLY,  6 AM TO 10 PM    ( ) EXTRADITE/NOT LIMITED TO CALIF

DATED:                              3-17-08          JUDGE

*************************************************************************
RETURN OF PEACE OFFICER
I CERTIFY THAT I RECEIVED THE WITHIN WARRANT ON _____
THAT I SERVED THE SAME BY ARRESTING THE WITHIN NAMED DEFENDANT ON _____
ON _____ , _____ , AND THAT I HAVE BROUGHT SAID DEFENDANT INTO COURT

_____          _____
NAME AND TITLE OF PEACE OFFICER          OFFICER OR DEPUTY

UPON ADMISSION TO BAIL, SET APPEARANCE FOR NEAREST DAY THAT WILL ALLOW RECEIPT
OF BOTH WARRANT AND BAIL BY THIS COURT.  TIME:  9:00 AM ON ANY DAY, MONDAY
THROUGH FRIDAY, EXCEPT HOLIDAYS.

Department 11
8:30 a.m.

FOR COURT USE ON[

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ALAMEDA

THE PEOPLE OF THE STATE OF CALIFORNIA,
Plaintiff.

v. Taylor, Denitri Lamont

Defendant.

Docket No.: 155875
PFN No.: BEC 958
CEN No.: 722 9554

PETITION TO REVOKE PROBATION

The undersigned petitioner, based on information and belief, respectfully represents t
following:

That on or about ___, the defendant was placed on probation for a period of 40 mont
following his/her conviction of violation of Section ___ his felony. Conditions of probation included an ord
that the defendant obey all laws of the community and be of good conduct.

The defendant has violated the terms and conditions of his/her probation in that he/s
committed a violation of Section ___, on or about ___, in the County of Alameda, as set forth
Police Report No. ___, a copy of which has been attached hereto and incorporated by reference.

WHEREFORE, petitioner prays that probation be summarily revoked and a hearing set on th
matter.

I certify under penalty of perjury that the foregoing is true and correct.

CHARGED: ☒
NOT CHARGED: ☐

By: ___ JT ___

Deputy District Attorney
Wiley W. Manuel Courthouse

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that she is an employee of the Office of the United States

Attorney for the Northern District of California and is a person of such age and discretion to be

competent to serve papers.  The undersigned further certifies that she caused a copy of

- PLAINTIFF'S SPECIAL INTERROGATORIES TO CLAIMANT DEMITRI TAYLOR
  (INCLUDE EXHIBIT A)

to be served on this date by certified mail delivery upon the persons below at the place and

address which is the last known address:

David M. Michael, Esq.
Law Office of David M. Michael
101 California Street, Suite 2450
San Francisco, CA  94102

I declare under penalty of perjury under the laws of the State of California that the foregoing

is true and correct.

Executed this 28th day of July, 2008 at San Francisco, California.


ALICIA CHIN
Paralegal/AFU

**Exhibit B**

DAVID M. MICHAEL, SBN 74031
LAW OFFICES OF DAVID M. MICHAEL
101 California Street, Suite 2450
San Francisco, CA 94111
Telephone:  (415) 946-8996
Facsimile:   (877) 538-6220
E-mail:       dmmp5@aol.com

Attorney for Claimant
DIMITRI TAYLOR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

                    Plaintiff,

v.

APPROXIMATELY $112,365.00 IN UNITED
STATES CURRENCY,

                    Defendant.
_____/

DIMITRI TAYLOR,

                    Claimant.
_____/.

No. CV 08 2777 SI

RESPONSE OF CLAIMANT
TO PLAINTIFF'S SPECIAL
INTERROGATORIES

## PRELIMINARY STATEMENT

1. Claimant has not completed his investigation of the facts, witnesses, or documents

relating to this case, nor has Claimant completed discovery in this action, including the receipt

from plaintiff of documents and records, nor has Claimant completed an analysis of all available

data. Furthermore, Claimant has not completed any preparations for trial. Accordingly, the

responses herein are given without prejudice to Claimant's right to provide further responses,

which Claimant may subsequently discover, or which Claimant will obtain from plaintiff or may

obtain elsewhere or which may be contained in Claimant's possessions but not determined to be

relevant at this time. Claimant reserves his right to alter, amend, supplement, or otherwise modify these responses if and when additional information is known or obtained.

2. The responses are given herein without prejudice to Claimant's right to present information which may hereafter be discovered during the course of continued discovery and investigation by Claimant. These responses are made without prejudice to Claimant's right to produce any evidence which may have been omitted from this response and only subsequently discovered because of oversight, inadvertence, and/or good faith error, or a mistake, or which may have been known to Claimant or in Claimant's possession, but not considered at the time of these responses to be relevant to this case.

3. Claimant, DIMITRI TAYLOR, objects to all definitions, instructions, and terms, and the requests themselves, to the extent that they purport to impose any different or additional obligations beyond those required by the Code of Civil Procedure or any other statutory obligation.

4. Claimant, DIMITRI TAYLOR, objects to each request to the extent that it seeks information protected by the attorney/client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

5. Claimant, DIMITRI TAYLOR, objects to each request to the extent it requires a violation of any individual's right to privacy under any applicable state, federal, or constitutional provisions or laws, including the Fifth Amendment to the United States Constitution.

6. Claimant, DIMITRI TAYLOR, objects to each request to extent that it seeks the disclosure of information exempt from disclosure under any applicable evidentiary, statutory, or common-law privilege or rule.

7.  Claimant, DIMITRI TAYLOR, objects to each request to the extent that it calls for information outside of the time period relevant to this action.

Subject to, and without waiving the foregoing general objections and statements, Claimant, DIMITRI TAYLOR, hereby responds to Plaintiff's Special Interrogatories as follows:

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

**Objection:**  This discovery request seeks information beyond the scope of that which is allowed under the statutory guidelines of Rule G(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

**Objection:**  This discovery request seeks information beyond the scope of that which is allowed under the statutory guidelines of Rule G(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

**Objection:**  This discovery request seeks information beyond the scope of that which is allowed under the statutory guidelines of Rule G(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

**Objection:**  This discovery request seeks information beyond the scope of that which is allowed under the statutory guidelines of Rule G(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

//

//

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

**Objection:** This discovery request seeks information beyond the scope of that which is allowed under the statutory guidelines of Rule G(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

**Objection:** This discovery request seeks information beyond the scope of that which is allowed under the statutory guidelines of Rule G(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

**Objection:** This discovery request seeks information beyond the scope of that which is allowed under the statutory guidelines of Rule G(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

**Objection**: This discovery request seeks information in violation of claimant's Fifth Amendment right against self incrimination, in that the answer might be incriminating or might furnish the link in the chain of evidence needed by the government in their desire to prosecute claimant for a crime, all arising out of this matter, other related matters, and the government's investigations.

**Objection:** This request seeks information in violation of Claimant's Fourth Amendment rights against an unreasonable search and seizure of his property and his right to have any evidence obtained as a result of such illegality suppressed in these proceedings or any other proceeding.

If it is determined that in a future proceeding that the privileges and rights asserted herein may, in some way, burden claimant's rights and interest, claimant will seek a protective order requesting that the appropriate court stay or limit the instant action pending a resolution of said proceedings.

**Objection:** This discovery request seeks information beyond the scope of that which is allowed under the statutory guidelines of Rule G(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

Dated: 15 August 2008

Respectfully submitted,



DAVID M. MICHAEL
Attorney for Claimant
DIMITRI TAYLOR

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on 15 August 2008, he caused to within pleading to be served by US mail to the following:

DAVID COUNTRYMAN (CSB 163973)
Office of the U.S. Attorney
450 Golden Gate Avenue
San Francisco CA 94102
david.countryman@usdoj.gov



DAVID M. MICHAEL
Attorney for Claimant
DIMITRI TAYLOR

RESPONSE OF CLAIMANT TO PLAINTIFF'S SPECIAL INTERROGATORIES
CASE NO. CV 08 2777 SI

5